This is case number 4-14-1111. Sherry Earl versus the Decatur Public Schools Board of Education. For the appellant, we have attorney William Horrigan. Did I say that correct? How do you say it? Oh, Horrigan. Okay. Horrigan. And for the athlete, we have attorney Collette McCurdy. Mr. Horrigan, you ready to start? I will be brief in my argument today because, frankly, if I had it to say, I would have written it down. And if I didn't write it down, I really don't have it to say. So we're here today on a case of first impression in Illinois. We haven't been able to find any cases that are anywhere near on point. So any decision that this court makes in this case is going to serve as precedent for all the school districts in the state of Illinois. I'd like to start kind of backwards here from my thing about this requirement for community service that's been adopted by the Decatur Public Schools Board is that it is not a course. It isn't anything given for class credit. It is not performed in the school. It is not supervised by a teacher or any member of the school board. It is contemplated that these students, who are on their own time, find certain approved, apparently, institutions such as animal hospitals or whatever, and go out and do a certain amount of community service on their own. That concept is very disturbing to me because it sets a precedent that says that school board, school districts, can establish requirements for students that aren't academic in nature. So basically what we're saying is if the school district decides it's a really good thing for students to attend every football and basketball game, both away and at home, they can set a requirement that that be a prerequisite for graduation. And the prerequisites for graduation are set forth in the legislation which has been attached to our appendix. And even in the legislation and in the rules and regulations, the school districts may substitute vocational training for other requirements, but they can't create their own requirements for graduation. And those requirements are certain courses that have to be taken or curriculum courses, sort of like when you went to college and you had to take your Gen-X. And then after that, you had electives that you could take, and the same thing is true in high school. But you can't set up a non-course requirement for students to do because there's no authority for it. And frankly, if you look at the statute, the legislature has specifically provided a course in community service for credit that is voluntary that the students may take. So there's no authority in the statute for this. Now if you look at the regulations, the Board of Education has passed some regulation that says, oh well, you know, you guys can do just about whatever you want to do in high school in terms of setting up required courses. But I've amply set forth in my brief, the regulatory authority is required to follow the statutory scheme and not enlarge upon it or change it in any particular way. And over in the statutory scheme, is there any authority for school districts to create requirements for non-course material? Now I would freely grant you that they have a lot of authority to do a lot of things. I mean, they can control conduct of students in the classroom. In Decatur we have uniforms. There's lots of things that they can do, but those things are all course related. And the things that are extra outside of the school, such as homework, are directly related to course requirements. But this is just out there in the middle of nowhere. It has no basic core curriculum. You're sending these kids as young as, I don't know, it's been years, but what's a freshman in high school, 13? And telling this 13-year-old, you've got six hours every semester of community service that you have to go out at the age of 13, away from your parents, away from the school, away from the safeties and protections that we build up for our children, and do something somewhere else. What tells them they have to do it away from their parents? Well, I suppose you could go with your parents, but there's nothing that says that the parents must attend. There's nothing that says that there's any supervision. But you said they have to go without their parents. Well, they don't have to go without their parents, but they have to go. I suppose you could go with their parents, and then you're forcing the parents of these students to engage in activities that they may not be able to because they have jobs to do and other things. It puts a burden on the parents as well. And so, basically, I believe because the legislature has specifically addressed the service programs in a course that may be offered by the school and has set forth specific requirements that must be given, and those requirements cannot be varied from, they can be substituted, but they can't add on new course requirements. And in the school code, in the regulations, part of what they say that they're trying to do in regulations is make the high schools throughout the state of Illinois uniform. And if you allow high schools to make different requirements than are required by other schools, then someone who transfers, let's say, from Waukegan down to Decatur will walk in, say, the last semester of the school year and suddenly discover he or she has got six hours of community service requirements that he has to do that he didn't have to do elsewhere. What if the school had a requirement for a particular course that you had to have before you graduated and you transferred in from another school that the course for voluntary service that is suggested by the legislature is not a core curriculum course, it's an elective. You may, if it's voluntary, you can't make it a requirement. You can't say to a student. Your argument is saying if you transferred from another high school that the school should be uniform, but the school code allows a school to impose different requirements for courses for graduation over and above the minimum, doesn't it? No, it doesn't. In fact, there's nowhere within the statute that it allows them to change the core curriculum for mandatory courses for graduating from high school. Isn't section 27-22, doesn't it start out by stating each pupil must complete the following courses in addition to other course requirements? Yeah, and it lists them. Right, but in addition to other course requirements that the school might have, these are the minimum. No, other course requirements that have to be taken, like the number of classes that you have to take to graduate. I don't think that section really addresses that the school may make up other course requirements, but we're missing the boat here, Your Honor. This is not a course. There are schools in Illinois that require students to pass a swim test and or faithfully complete a swim course before they can graduate. And does that make it right? You know, what we have is we have schools that are that are doing a lot of things that I don't believe they have statutory authority to do. And in this particular instance, if this was a course, if you required the students to, if you offer the students a course in swimming, I mean, one of the statutory things, they can require them to do CPR. There's all sorts of things, but that's laid out in the statute. But it's a course. It's not go off, find six hours of something to do and then come back. And the broader thing, you're just right. I mean, supposing the school board says everybody has to learn how to swim or they can't graduate from high school. That's kind of onerous for some people who are afraid of the water. Where does the high school have the authority to do that? It has to be contained somewhere in the school code. And I don't see it. Well, what does this mean then? As a prerequisite to receiving a high school diploma, each pupil entering the ninth grade must, in addition to other course requirements, successfully successfully complete all of the following courses. Three years of language arts, three years of math, one year of science. So what does that phrase in addition to other course requirements mean? What that means is that you can't just get out of high school taking these core curriculum courses because you are required to take a sufficient number of elective courses to have a sufficient number of credits to graduate. If you don't have those credits in whatever they are, I can't remember, but you have to have a certain number of credits at the end of the four years or you don't get your diploma. Those are required courses. You've got to take them. But they are courses. This is not a course. A course is a course that has a lesson plan, the teacher's got a certificate from the state of Illinois, and this is not a course. And that's the difference. If it was a course, I wouldn't have an argument here. I might have a little bit of an argument that they're requiring it because it's not a required course, but it's not a course. And until we can make this a course, we can't argue any of the required course provisions in the school code because it's not a course. And wishing it so doesn't do it. I mean, you don't do it for credit. You don't have a teacher. You don't have assignments. You don't have any kind of a lesson plan or anything else that's being organized by the school. It's done on your own time, not during school time. It's just not right because, as Justice Nick suggested, what other requirements can a high school set up for graduation that have nothing whatsoever to do with academics? Well, I would agree that it's laudable to have students perform community service. Requiring them to perform community service is not a whole lot different from what we do with people in the justice system who get DUIs and all the rest of that, who have to do community service as a part of their sentence. And I've just drawn an analogy briefly to what parents do. And obviously, there's no issue here of involuntary servitude. Otherwise, every child in the country would have a lawsuit against their parents someday for avoiding taking out the garbage. But my dad had a house outside of Chicago area, and he had a half acre that I had to mow. And I had a push mower, and he didn't water the lawn. So every August, all I was doing was cutting weeds, and the dirt was blowing up in my face, and the grasshoppers were jumping on my legs. And I disliked that so much that I went to law school, and I determined that I would never mow a lawn again. And I don't own a lawn mower. But so forcing people to do something that, I mean, let's face it, I'm not getting paid for this. I feel good about doing this pro bono. I do a lot of pro bono work. Part of the things that make pro bono work happy for me to do is that I don't have to do it. An analogy, the Northern District, 1982-83, they set up the trial bar. I don't know if you're familiar with that. But it wasn't enough to have a license in the Northern District. You had to prove that you had sufficient trial credentials before you could be the number one chair of the trial. And as a predicate to that, you had to agree to do pro bono cases, because the justices don't like to be bothered with the prisoner of right cases that they get. And I told them I wouldn't do it. And I had to tell them four times I wouldn't do it before I got my license for the trial bar. And I was out in Rushville practicing with a law firm out there, and I got the good newsletter. Congratulations, you're on the short list to take pro bono prisoner's right case in Chicago. And I sent them a letter back and said, you know, no, I won't do this. Number one, I don't have a clue what this is about, and I don't want to learn. But I don't believe that I should be forced to do something just because someone thinks it's a good idea, because it doesn't make me feel good. And doing criminal rights cases wouldn't make me feel particularly good about what I was doing, whereas doing this and doing the other things that I do pro bono do make me feel good. So I don't think that the goal that this seeks to establish is going to be served by this requirement, which is not a course. It would be better served by the course that the legislature has said that they may offer, which allows students to get that good feeling for volunteering to do community service in a course type setting, which probably has some instruction around why community service is good and all the sorts of things that social studies are supposed to be about. And then they get some credit for it too. So this can be accomplished through the statutory scheme, not through this sort of an act. Why isn't your argument best taken to the Board of Education, school board? You get a different school board. Well, I approached them, and the school board told me that as far as they were concerned, this was a good idea, and in fact... Well, they can be voted off the school board. Well, you can, but I'm a lawyer, and I like to look at the school board. And I did talk to the school board, the Board of Education. I talked to some attorney up in Chicago. She said, well, you know what it takes to promulgate these regulations? I said, no, and I don't really want to know. I want to know what authority you think you have for doing this. She says, well, we just look at the school code as kind of like loose guidelines, and then we just do pretty much what we want to do. So I don't think that there's any mechanism that I have to go to them to... I mean, I don't think there's any administrative remedy here that I'm aware of that a student has against the school board. But the remedy they have is being in front of you justices, arguing this case, and finding out whether the law on the land is that any high school wants to make any requirement for a student to do anything off campus, after school, they can do it. And that's the gist. Thank you very much for your time. Thank you, counsel. Ms. McCarty? Thank you. I think that to start off with the view that a course under that part of the school code has to be structured or because it's off campus or after hours was not what the intent of the statute was. There is no definition in the statute to define it that narrowly. We have all kinds of programs in school districts that are different from courses. There's internships, vocational opportunities for students as well. So the purpose of 22-7 was to provide a minimum academic floor that all students in the state of Illinois should have to perform in order to graduate. And the legislature then leaves it to the State Board of Education and local school districts to fill in the gaps and determine what the rest of that curriculum is going to look like. And we're talking about a curriculum, not just the academics of reading, writing, math, etc. But the state of Illinois also has social emotional learning standards under the Mental Health Child Care Act of 2003. So the State Board of Education has promulgated rules and helps the district implement things in their curriculum about the social emotional learning standards. Now many of the things that they learn in regard to that aren't something that's necessarily going to be taught in the classroom. So this is an example of where those types of social emotional learning standards can be used and put forth and generalized out into the world to help prepare students for the world of work and beyond. Can you give me an example other than the one present here? For example, when the students go to Homeward Bound or they go to, I'd say the homeless shelter in Decatur is one, they go to the homeless shelter and volunteer there. They're learning things about how to handle... No, I mean other things in the overall curriculum other than this example. I understand they could do this six hours in different places. Right. But you said those emotional and social standards need to be met. How are they met within the curriculum? Give me another example. Most of those would be met during the daytime structured hours because they may have a speaker come in and give presentations on bullying or different things like that. Would a student be required to attend that presentation or that lecture? Yes, because it would be part of their curriculum. It would be part of that class. Yes. But in this regard, when the students go out and first of all, if the fear is that, how is the student going to get there? They're unsupervised. The students are supervised by a supervisor that's on site at the location that they choose. The district sets this up and gets ahead of time a list of different places that the students can go and do these community service hours. They're constantly getting new ideas and involvement from local businesses and places in town and they assist the student. This isn't meant to be a barrier. So they will assist a student. If the student said, I work after school, I have to babysit my siblings, I cannot do this after school hours. The district would work with that student to find another way to implement their and get these learning hours such as it talks about that you can either have academic based or community based service hours. So academic based would mean that perhaps during your study hall during the day you are mentoring or tutoring an elementary student or you're going to go over to the elementary school and read during Dr. Seuss week. So there are ways that this can be completed you know, if the student doesn't have the opportunity to get somewhere after school or have the transportation that's available to them. This is also something that many school districts in the state of Illinois have added to their curriculum and in fact in Decatur it was so successful and it's to show that it's not a punishment or something that they're not if you're forced it's not any benefit to you. Last year's graduating class in Decatur, 81 percent completed at the time they graduated more than the 24 hour minimum required. 19 percent had the 24 hour minimum. Students approached the district about creating this program for service learning hours and again that's something that we as voters vote in our local boards of education to make decisions about whether they want to adopt this into their curriculum. Does the local board of education have to have this approved by the state board before they can add it to their graduation requirements? It would not have to be, no it would not have to be specifically approved because the state board in their regulations indicate that school districts must have those minimum courses that are required but then they also have the additional authority to promulgate other graduation requirements. Is there a limit on that? Well the state comes in and audits, the state comes in and audits school districts. I can't tell you how periodically. I think Judge Turner's asking this, what if the school board decided well maybe 250 hours of programming work a year would be nice? Then I think you would have an argument that it is unconstitutional because it's too onerous. It's not something that the student can satisfy. Where would you cut it off? I mean six hours in a year seems reasonable but what about a hundred in a school year? I've seen cases that have approved 60 hours that have been where it's been challenged as far as, now there's been no cases in the state of Illinois, the cases that I look at were out of this jurisdiction but I think again that would be something that the districts would have to factor into the makeup of the students in their community and how many hours they think is appropriate. In this case, so what I'm getting at is they, as Justice Pope said, they could make it 250 hours and the student is left to go to court I guess because there's no other remedy other than to complete the hours if you want to graduate, of public service work, if you want to graduate from high school. I mean is that scheme constitutional? That seems to me very questionable. I don't think any, I agree that that would probably be the only remedy at this point, but I don't think any school district is going to, given the fact that they have the parameters of the curriculum, the learning standards, the core classes that we have now, you know the core curriculum requirements. I think you just said there are school districts that have required 60 hours. I'm starting, you're starting to kind of lose me there. That's a lot of public service work to be required on students. DPS's is only 24, but to take the 24 over four years, 24 over four years, so that if the concern was about the transfer student that came in, it is set up that it's 24 per each, or six hours per each year that you're in high school. So if you came in your senior year, you then would be required to do the six hours. You would not be required all of a sudden then to make up the 24 hours at that time. Does the, does the local board of education have the, have the prerogative to change attendance hours? Not total, but attendance. So if you're, if Macon, or if Decatur wanted to begin school at nine. Yes, they do. They could do that, as long as they get the number of, okay. Yes, correct, and in fact Decatur, because of all the busing, their schools start some as early as I believe 745 and then some as late as nine o'clock in the evening. The benefits to the students, and I think the other piece we have to look at is if we're going to interpret that part of the school code 22, 27-22, to say that it's a course, and that these are the only courses that you can have, many school districts go beyond based on the needs of their students and how they see that they're performing in college. In the state of Illinois, you only have two credit hours of science that you have to complete. Most school districts require three by their own local board policy, or if they've seen that the students have struggled, or if they feel social studies is an important aspect of their program, they may require three hours in addition. So I think there's absolutely no doubt that the 27-22 is a minimum, and so then to further say that it has to be narrowed to a course, and it cannot be a program such as a service learning program, I don't think was the intent of the legislature, and I don't think that it promotes the ability of local school districts to create a program that they feel suits the needs of their constituents. Why not have a voluntary service requirement? If it's so popular, and 81% did more, and some students actually have asked that this be done, why not just add it as an elective? They could certainly do that as an elective, but I think they feel that it was so important, and was of such benefits to the students that if you make it a graduation requirement, then there is an incentive that a student would have to at least try it, even if they thought that was something they never wanted to do, and then what they find out is that it is something that is very beneficial to them. But if it's not a requirement, and certainly a graduation requirement is even a bigger impetus, if it's just available as an elective, there would be some students that wouldn't take it, and this board feels that service learning program is essential to the community and benefits the students, so they've made it a requirement. Your firm represents a lot of school boards? Correct. Is this being litigated anywhere else? No. We know there's not an Illinois case on it, but is it being litigated or challenged anywhere else? I have never heard, when this case came about, other challenges by anybody in our other offices. I know the most I could find was some scuttlebutt up by Oak Lawn up north, I think it was Oak Lawn, where some students actually did not graduate on time, because they did not have their hours done, but as far as any kind of pushback, I think the problem there was that the students forged their sheet that you turn in. But other than that, I have never, it really has been a non-issue, the service learning out requirements. I noticed the cases cited are, maybe they're, I think they're all three federal cases, or several federal cases, and they're from the 90s. Is that when this movement began, where schools started looking at community service as something of value? I don't know the answer to that, Judge. I don't know the answer. I can tell you that apparently, just of interest, the governor seems to think that the service learning hours is something that's important, because he's just, August 21st, signed Public Act 99-434, which actually amends this very section that we're talking about, 2722E5, and the portion where it talks about that the state's going to require two years of social studies, it says, and at least one semester must be civics, which will help young people acquire and learn to use the skills, knowledge, and attitudes that will prepare them to be competent and responsible citizens throughout their lives. Civics courses content shall focus on government institutions, the discussion of current and controversial issues, service learning, and simulations of the democratic process. And that becomes effective January 1st, 2016. So if there was ever a thought that service learning hours were perhaps something that wasn't to be something included in the public school curriculum, that's going to change effective January 1st, and has specifically been recognized. But I think it's always been available to the school districts to have that available to them. And with the uniformity, it doesn't, the other piece, like we said, districts aren't in the business of putting up barriers for a student to be successful. So if a student came to them and absolutely said, for whatever reason, they could not fulfill these service learning hours, I know in my heart that the district would work with that student to either come up with a different project or help them find the opportunities so that they could have that available to them. Or a student that's transferring in their last year, I'm not familiar with the community, I don't know any of these agencies, I think a school district would work with that family in order to help them either get the six hours that they need or have some kind of a waiver for that student. Are there any other questions? Thank you, counsel. Thank you. Mr. Horgan. I'll try to be very brief. You suggested or asked counsel to come up with some other things that schools have done that's this and the only example that I heard was some sort of a movie or something on bowling that was part of a course requisite. They had to attend it because it was part of a course. I haven't seen anything brought before this court that indicates that there's anything else that the school district does, the school board allows, or that the statute authorizes for this sort of... Well, I can imagine a speaker coming in to an assembly or a partial assembly and the student might be required to attend it because it was during the school day and during a time that they might otherwise be in class or otherwise be at lunch or otherwise be in study hall and yet they wouldn't get any credit for it. They might be required to attend it even if they objected to who the speaker was because it's during the school day and the school has decided it's part of the curriculum. That's true. I don't know if I'd like that but whether I like it or not isn't the test. I mean, well, I guess the question is what is the remedy that the school has if the student doesn't show up? Detention? You know, not graduating? I'm not too sure about that and, you know, we have, I think the number that I came up with, students in public schools roughly 2,166 enrolled per year. To argue that all this can be done inside the school would require Eisenhower and MacArthur high schools to somehow come up with 12,700 community service hours that can be performed by the students during the school day inside the school and I don't, I can't imagine what that could be. So to say that if certain students had some problems maybe they could do something, what if all the students wanted to do this during the school year, the school time which they have a right to do, there's just no way that this could physically be done. I agree that there's no limit on the number of hours and the number of things that the school can require or the types of things. This is just the tip of the iceberg and you're correct. What if they say everybody has to pass the swimming test? What if they say everybody has to do 100 push-ups? Well one would think there's always the reasonable standard even though there's no specific language. Well, you know, the reasonableness standard I think kind of goes to the constitutional argument which I'm not making. I'm not saying that requiring a student to perform community service is unconstitutional. I think that it's great if they have a civics class and they can do that as a part of a structured course which is what apparently Governor Rauner has suggested. What I'm suggesting is that just telling them that they have to do this is, there's no statutory authority for this and even though the parents, the teachers stand in local parentis to the students, that doesn't make them the parents and it doesn't give them that community service hours. I would have objected but I don't like to interrupt but there's nowhere in the record that this is true so we're kind of like arguing off the record, arguing off the brief with things that I really can't address because I have not seen it. So in brief, I'm going to rest on my briefs and thank you very much for the time you've allotted us today. Thank you,